rent. But the demurrer admits that the will devised the demised premises to the executor upon certain trusts. That may be held to be the admission of a fact, and the sufficiency of the counterclaim may not be judged precisely under the same rules which pertain to other defenses, where the counterclaim is in no shape available against the claim presented by the complaint. Demurrer sustained, with leave to amend on payment of costs.

Demurrer sustained, with leave to amend.

---

### FREEMAN v. DENNISON MFG. CO.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

MASTER AND SERVANT—ASSUMPTION OF RISK.

    An employé attributed his injury to the use of a soft-wood plate in connection with a machine furnished by his employer. He had long been engaged in the work, and continued using the plate knowing its character, and the relative strength of plates of hard and soft wood. *Held*, that he assumed the risk incident to its use.

Appeal from trial term.

Action by Harry W. Freeman against Dennison Manufacturing Company. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herbert C. Smyth (Edwin A. Jones, on the brief), for appellant.
William A. Jones, for respondent.

HATCH, J. The negligence of the defendant which has been made to furnish the basis upon which a recovery has been had consisted in the claim that the defendant had failed to furnish a safe and suitable appliance for the use of its servant. The plaintiff was injured by reason of the breaking of a plate which formed a part of a table in which ran a saw used for the purpose of cutting grooves in wood. The plate which was in use at the time of the accident was made of soft wood, and it is claimed that such wood was improper for such purpose, and that the plate should have been made of hard wood, and in this consists the negligence for which a recovery has been had.

It is disclosed by the evidence that the plaintiff had been employed in and about the work and machine upon which he received his injury for nine years prior thereto, some of the time in the capacity of a foreman and at other times as a workman. He was an expert in wood, and understood the relative strengths of hard and soft wood. He was entirely familiar with the plates, and had made them as occasion and necessity required. The circumstances under which the change from hard to soft wood plates was had occurred about three years prior to the accident, when the superintendent of the factory told the plaintiff to make a plate of soft wood instead of hard wood. The plaintiff obeyed the direction, and made the soft-wood plate. The superintendent informed the plaintiff, after the plate was fin-

ished and in place, that it was as good as the hard-wood plate, and thereafter all plates were generally made of soft wood, although it is not entirely clear from the plaintiff's testimony that it did not thereafter rest in the volition of the person who made the plates whether he should make them of hard or soft wood. But we assume, for all the purposes of this case, that the direction was to make the plates of soft wood. It is entirely clear that the plaintiff possessed as much information of the working of the machine upon which he was injured, and of the character of the plates which were in use, and of the relative strength of hard and soft wood, as did the superintendent of the factory, or any other person connected with the business. No instructions from any person could add to his information upon these subjects. The defendant had the right to use soft-wood or hard-wood plates in this machine, as it chose, and if the plaintiff did not desire to use the soft-wood plates he could refuse so to do. But, inasmuch as he possessed full and complete knowledge of the entire subject-matter, if he chose to continue in the employ, and make use of such appliances, as it was with full knowledge, he took the risks incident to such employment, and can make no complaint for any injury which he received on account of the same. Sweeney v. Envelope Co., 101 N. Y. 520, 5 N. E. 358; Bajus v. Railroad Co., 103 N. Y. 312, 8 N. E. 529.

It follows that there exists no basis upon which negligence of the defendant may be predicated. The judgment should therefore be reversed. All concur.